**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY HORNLEIN,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:24-CV-01302<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is Defendant LVNV Funding, LLC's ("LVNV") motion for summary judgment. (Doc. 17). On June 28, 2024, Plaintiff Jeffrey Hornlein ("Mr. Hornlein") initiated this action by filing a complaint against Defendants LVNV, John Does 1-10 ("John Does"), and XYZ Corporations ("XYZ") in the Luzerne County Court of Common Pleas. (Doc. 1-2, at 10-27). On August 2, 2024, LVNV removed this action from the Court of Common Pleas to the Court. (Doc. 1). For the following reasons, LVNV's motion is **GRANTED**. (Doc. 17).

## I. BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from LVNV's uncontroverted[1] statement of material facts. (Doc. 19). LVNV is a Delaware debt acquisition company which owned more than twenty of Mr. Hornlein and his wife Melissa Hornlein's ("Mrs. Hornlein") debts. (Doc.

[1] Mr. Hornlein did not respond to LVNV's motion or file a response to LVNV's statement of material facts. Pursuant to Local Rule 56.1, the Court will accept the assertions contained in LVNV's statement of material facts as true. (Doc. 19); *see Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 87 (3d Cir. 2019) (affirming a Middle District court's decision to accept a party's uncontroverted statement of material facts as true pursuant to Local Rule 56.1); *see also Sellers v. Monroe Cnty. Corr. Facility*, No. 3:23-CV-1373, 2025 WL 2646490, at *5 (M.D. Pa. Sept. 15, 2025) (stating "[i]t is well-settled that a failure to a file any response to a Defendants' statement of material facts deems those facts admitted").

1, at 10; Doc. 19, ¶ 1). In his complaint, Mr. Hornlein alleged that LVNV and its agents made threatening calls to Mr. and Mrs. Hornlein. (Doc. 1-2, at 13-21). According to Mr. Hornlein, LVNV made misleading threats that it would seize Mr. and Mrs. Hornlein's joint marital property and garnish Mr. Hornlein's wages over Mrs. Hornlein's debts even though it had no legal right to do so. (Doc. 1-2, at 13-21). John Does and XYZ (together, "Unknown Defendants") are unknown entities who purportedly aided LVNV in making its threatening and misleading calls. (Doc. 1-2, at 10-11).

According to LVNV's uncontroverted statement of facts and accompanying exhibits, LVNV does not service debts and all servicing related to LVNV-owned debts are performed by Resurgent Capital Services, L.P. ("Resurgent"). (Doc. 19-1, ¶¶ 4-5). Resurgent did not place calls to Mr. and Mrs. Hornlein and did not authorize third parties to place such calls within the one year period preceding the commencement of the instant action. (Doc. 19, ¶¶ 3-4). Mr. and Mrs. Hornlein filed for Chapter 7 bankruptcy in March 2024 at which time Resurgent permanently closed their accounts. (Doc. 19, ¶ 5).

The complaint alleges three counts under federal law. (Doc. 1-2, at 10-27). In Count I, Mr. Hornlein alleges that LVNV, with the aid of Unknown Defendants, violated the Fair Debt Collection Practices Act (the "FDCPA") by making false, deceptive, and unconscionable threats to levy exempt marital property. (Doc. 1-2, at 13-16). In Count II, Mr. Hornlein alleges that LVNV, with the aid of Unknown Defendants, violated the FDCPA by making false, deceptive, and unconscionable threats to levy an exempt joint marital bank account. (Doc. 1-2, at 16-19). In Count III, Mr. Hornlein alleges that LVNV, with the aid of Unknown Defendants, violated the FDCPA by making false, deceptive, and unconscionable threats to garnish wages. (Doc. 1-2, at 19-21).

On October 3, 2025, LVNV filed a motion for summary judgment, a brief in support, and a statement of facts. (Doc. 17; Doc. 18; Doc. 19). Mr. Hornlein did not file a timely response. Accordingly, this matter is ripe and ready for disposition.

## II. Motion for Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1. While the party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact, upon the movant doing so, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts

which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III. DISCUSSION

### A. LVNV'S MOTION IS DEEMED UNOPPOSED.

As an initial matter, under the Local Rules, LVNV's motion for summary judgment is deemed unopposed because Mr. Hornlein did not file a brief in opposition. Local Rule 7.6 states that "[a] brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief." M.D. Pa. L.R 7.6. Local Rule 7.6 also provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." M.D. Pa. L.R 7.6.

"[L]ocal rules play 'a vital role in the district courts' efforts to manage themselves and their dockets.'" *Smith v. Oelenschlager*, 845 F.2d 1182, 1184 (3d Cir. 1988) (quoting *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 570 (3d Cir. 1985)). The Court is obligated to ensure parties who follow the local rules are not prejudiced by those who violate them. *See United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000) (finding a court may only decline to enforce local rules where "doing [so] does not unfairly prejudice a party who has relied on the local rule to his detriment"); *see also Beckett v. Closton,* No. 1:24-CV-00476, 2025 WL 308121, at *1 (M.D. Pa. Jan. 27, 2025) (stating "the court must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules"). In this case, Mr. Hornlein failed to comply with Local Rules 7.6 and 56.1 by failing to file a brief in opposition or a statement of material facts in response to LVNV's motion for summary judgment. This failure compels the Court to deem LVNV's motion unopposed. *See Taylor v. Harrisburg Area Community*, 579 F. App'x 90, (3d Cir. 2104) (nonprecedential) (stating the "motion for summary judgment was, in fact, unopposed, as no response brief was filed, and Local Rules 7.6 and 56.1 gave the District Court the power to deem the summary judgment motion as uncontested"); *see also Coldsmith v. Agency Ins. Co.*, 556 F. Supp. 3d 445,

449-50 (M.D. Pa. 2021) (stating "[p]ursuant to Local Rule 7.6, failure to timely file an opposition brief results in a motion being deemed unopposed"); *see also Sellers*, 2025 WL 2646490, at *5 (outlining Local Rules 7.6 and 56.1). However, the Court is "still required to conduct a full analysis to determine whether granting summary judgment [is] appropriate." *Weitzner v. Sanofi Pasteur, Inc.*, 909 F.3d 604, 614 (3d Cir. 2018).

B. LVNV IS ENTITLED TO SUMMARY JUDGMENT.

LVNV avers that it is entitled to summary judgment on all three counts because 1) Mr. Hornlein does not specify which debt account LVNV allegedly tried to collect on and fails to show that the relevant debt account matches the FDCPA's definition of debt, 2) there is no evidence that LVNV is a debt collector as defined by the FDCPA, and 3) there is no evidence that LVNV engaged in conduct prohibited by the FDCPA. (Doc. 18, at 3-7). Mr. Hornlein does not oppose LVNV's motion.

The FDCPA "authorizes private civil actions against debt collectors who engage in certain prohibited practices. An action under the FDCPA may be brought 'within one year from the date on which the violation occurs.'" *Rotkiske v. Klemm*, 589 U.S. 8, 9 (2019) (citations omitted). "'To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.'" *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015)). LVNV challenges Mr. Hornlein's claims on the second, third, and fourth elements. (Doc. 18, at 3-7).

Beginning with the second element, whether LVNV is a debt collector, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). To survive summary judgment, a plaintiff must present evidence from which a reasonable jury could conclude that the defendant meets the FDCPA's definition of a debt collector. *See Hoehn v. FCC Fin., LLC*, 126 F. Supp. 3d 472, 474 (D.N.J. 2015) (denying summary judgment because the plaintiff presented evidence that the defendant was a debt collector); *see also Walker v. CMG Mortg., Inc.*, No. CV 21-5381, 2023 WL 8091997, at *5 (E.D. Pa. Nov. 21, 2023) (granting summary judgment because the plaintiff presented no evidence from which a reasonable jury could conclude that the defendant was a debt collector).

LVNV presents a sworn affidavit from Candy Mellon, a paralegal at Resurgent, LVNV's debt servicer, that states that LVNV does not service debts. (Doc. 19-1, ¶¶ 4-5). LVNV asserts in its uncontroverted statement of material facts that it did not attempt to collect debt from Mr. and Mrs. Hornlein in the year before Mr. Hornlein commenced the instant action. (Doc. 19, ¶¶ 3-4). Thus, the record suggests that LVNV is not a debt collector as defined by the FDCPA and Mr. Hornlein, by not responding to LVNV's motion for summary judgment, failed to meet his burden to show FDCPA is a debt collector. *See Walker*, 2023 WL 8091997, at *5.

Turning to the third element, that this suit involves an attempt to collect a "debt" as defined by the FDCPA, the FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5). In order to survive summary judgment, a plaintiff must present evidence from which a reasonable jury could conclude that the relevant debt was used for personal, family, or household purposes. *See Matin v. Fulton, Friedman & Gullace LLP*, 826 F. Supp. 2d 808, 813 (E.D. Pa. 2011) (granting summary judgment because the plaintiff failed to present evidence from which a reasonable jury could conclude that the debt was used for personal, family, or household purposes); *see also Wnek v. Integrity Fin. Partners, Inc.*, No. 1:13-CV-925, 2014 WL 2608070, at *3 (M.D. Pa. June 11, 2014) (same). Mr. Hornlein failed to respond to LVNV's motion and thus has not presented any evidence regarding what the relevant debt was used for. Accordingly, the Court finds that Mr. Hornlein fails to meet his burden under the third element of a FDCPA claim. *See Matin*, 826 F. Supp. 2d at 813; *see also Wnek*, 2014 WL 2608070, at *3.

Finally, LVNV avers that Mr. Hornlein fails to meet the fourth element of a FDCPA claim, that LVNV violated any provisions of the FDCPA while attempting to collect debt. (Doc. 18, at 5-7). To survive a motion for summary judgment, a plaintiff must present evidence that the defendant attempted to collect debt by some means prohibited by the FDCPA. *See Gwiazda v. LVNV Funding, LLC*, No. 22-3295, 2023 WL 8595402, at *2 (3d Cir. Dec. 12, 2023) (nonprecedential) (affirming a district court's grant of summary judgment because the plaintiff did not present evidence from which a reasonable jury could conclude that the defendant engaged in prohibited debt collection practices). LVNV asserts in its uncontested statement of material facts that it did not attempt to collect debt from Mr. and Mrs. Hornlein within the year leading up to Mr. Hornlein filing his complaint. (Doc. 19, ¶¶

3-4). Because Mr. Hornlein presents no evidence that LVNV ever attempted to collect debt from him and his wife, Mr. Hornlein fails to establish the fourth element of his FDCPA claims. *See Gwiazda*, 2023 WL 8595402, at *2. As Mr. Hornlein fails to establish the essential elements of his claims, the Court **GRANTS** LVNV's motion for summary judgment (Doc. 17) and **DISMISSES** the complaint. (Doc. 1-2).

## IV. CONCLUSION

Based on the foregoing, LVNV's motion for summary judgment is **GRANTED**. (Doc. 17). Mr. Hornlein's complaint is **DISMISSED**. (Doc. 1-2). The Clerk of Court is directed to close this case.

An appropriate Order follows.

**Dated: August 12, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**